619 S.E.2d 257

**Joseph A. COOPER, Petitioner Below, Appellee**

v.

**F. Douglas STUMP, Commissioner of the West Virginia Division of Motor Vehicles, Respondent Below, Appellant**

No. 32529.

Supreme Court of Appeals of West Virginia.

Submitted June 15, 2005.

Decided July 7, 2005.

Dissenting Opinion of Justice Starcher July 14, 2005.

John D. Wooton, Wooton Law Firm, Beckley, for Appellee.

Darrell V. McGraw, Jr., Attorney General, Janet E. James, Assistant Attorney General, Charleston, for Appellant.

PER CURIAM:

Appellant F: Douglas Stump, Commissioner of the West Virginia Division of Motor Vehicles (hereafter "the Commissioner"), appeals the May 24, 2004, order of the Circuit Court of Raleigh County. The circuit court's order reversed the decision of the Commissioner to revoke the license of Appellee Joseph A. Cooper for driving under the influence of alcohol (hereafter "DUI"). For the reasons that follow, we reverse the circuit court's order, and we reinstate the revocation of Mr. Cooper's driver's license for DUI.

## I.

### FACTS

On August 7, 2001, Corporal F.D. Shelton of the Beckley Police Department arrested Appellee Joseph A. Cooper for DUI. By notice dated August 21, 2001, the Commissioner of the Division of Motor Vehicles notified Mr. Cooper that due to his driving while intoxicated, his license was revoked for a period of six months.[1] Mr. Cooper challenged the revocation and an administrative hearing was held at which Mr. Cooper and Officer Shelton testified. Of importance to the issue in this case, Officer Shelton testified that,

I spoke with Mr. Cooper numerous times in which you know we worked out, we worked out an agreement that he would be given reckless driving in magistrate court that if he would attend the FMRS class, complete it, if he would come over here and withdraw and lost [sic] his license for the 6 months which he would have got them back in 90 days and then since then he's hired you [John Wooton] and that's all I got to put on record. That's why I was being the kind guy to get him reckless driving in magistrate court.

After the hearing, the Hearing Examiner entered his proposed order which upheld the revocation of Mr. Cooper's license. In this order, the Hearing Examiner found that the State proved by a preponderance of the evidence that Mr. Cooper was driving under the influence of alcohol when he was arrested. The Hearing Examiner further found,

Testimony given in the hearing indicated [Mr. Cooper] made an agreement with the Arresting Officer by pleading to reckless driving and agreed to attend driver training school if the Arresting Officer would not pursue the revocation. Counsel for [Mr. Cooper] argued the criminal charge should be given weight. Under the circumstances and testimony given by the Arresting Officer it is given weight, but has no reverse effect on the Respondent's failure to pass the field sobriety test .... There was no testimony offered by [Mr. Cooper] that he did not make a deal in

Magistrate Court or why the charge was reduced to reckless driving.

The Commissioner adopted the findings and conclusions of the Hearing Examiner and ordered the revocation of Mr. Cooper's privileges to drive a motor vehicle for six months and thereafter until the fulfillment of all obligations for reinstatement.

Mr. Cooper subsequently appealed the Commissioner's revocation order to the Circuit Court of Raleigh County. He also filed a motion to stay the revocation order which was granted by the circuit court. In his petition for appeal to the circuit court, Mr. Cooper alleged that the Commissioner erred in accepting into evidence the field sobriety tests and challenged the finding of probable cause to arrest him for DUI.

By order of May 24, 2004, the Circuit Court of Raleigh County reversed the revocation of Mr. Cooper's license. The circuit court found that Mr. Cooper's arrest was proper and there was sufficient evidence to show that he drove under the influence of alcohol. The Court explained its reason for reversal as follows:

However, there was an agreement, as is evidenced by the record, which resulted in a reduction of the criminal charges and an agreement with regard to the revocation proceedings. The Court finds that the hearing examiner, thus the Commissioner, has failed to recognize and give effect to that agreement. The effect of the agreement is essentially that, in return for a reduction of DUI 1st to reckless driving in the criminal court, the Petitioner would go without his license for a period of six (6) months and would attend certain classes related to alcohol and driving. It is clear to this Court, from the record, that those contingencies have been met.... This Court believes that the case of *Mark Whitely vs. Commissioner of Motor Vehicles*, as decided by the Honorable John Hrko, is binding in this county, with regard to agreements between individuals, police officers and prosecutors, relative to criminal proceedings and subsequent conduct at revocation proceedings.

---

1. The notice further provided that Mr. Cooper would be eligible to have his license reinstated in

90 days, accompanied by completion of the safety and treatment program.

The Commissioner now appeals the circuit court's order.

## II.

### STANDARD OF REVIEW

In our review of this matter, "this Court applies the same standard of review that the circuit court applied to the Commissioner's administrative decision—giving deference to the Commissioner's purely factual determinations; and giving *de novo* review to legal determinations." *Choma v. West Virginia DMV*, 210 W.Va. 256, 258, 557 S.E.2d 310, 312 (2001).

## III.

### DISCUSSION

■ This Court believes that the circuit court's order should be reversed. First, we find that the resolution of this case is directly governed by our holding in the recent case of *State ex rel. F. Douglas Stump, Com'r WV Div. of Motor Vehicles v. Hon. Gary L. Johnson*, 217 W.Va. 733, 619 S.E.2d 246, No. 32651 (2005). In that case, we held in Syllabus Point 3 that,

> Neither a prosecuting attorney, law enforcement officer nor any other person has the authority to enter into an agreement that would prevent the Commissioner of the West Virginia Department of Motor Vehicles from carrying out his or her legislative responsibilities or to prevent or impede a law enforcement officer from presenting evidence of the arrest in the Commissioner's license revocation administrative hearing.

Accordingly, any agreement between Officer Shelton and Mr. Cooper in which Officer Shelton agreed not to present evidence against Mr. Cooper at a license revocation

hearing is rendered void by the public policy of this State. Therefore, we find that the circuit court erred in giving effect to such an agreement.

We also note that in its order, the circuit court relied upon the circuit court decision in *Whitely v. West Virginia Division of Motor Vehicles* to rule that the Commissioner is bound by an agreement between an arresting officer and the person charged with driving under the influence. Obviously, to the extent that *Whitely* conflicts with our decision in *Stump v. Hon. Gary Johnson, supra*, or in the instant case, *Whitely* is to be accorded absolutely no precedential value in any circuit court of this State.

■ Finally, as noted above, the circuit court found that it is clear from the record that Mr. Cooper upheld his part of the agreement by going without his license for a period of six months and attending certain classes related to driving while intoxicated. This Court's review of the record below indicates that the circuit court's finding that Mr. Cooper upheld his part of the agreement is wholly without support. Therefore, for this reason also, we find that the circuit court erred in relying upon this agreement to reverse the revocation of Mr. Cooper's driver's license.[2]

## IV.

### CONCLUSION

For the foregoing reasons, the May 24, 2004, order of the Circuit Court of Raleigh County is reversed and the final order of the Commissioner of the Division of Motor Vehicles that revoked Mr. Cooper's privilege to drive a motor vehicle for a period of six

2. In the administrative hearing before the DMV hearing examiner, Officer Shelton testified that a videotape was made of Mr. Cooper's arrest but that the videotape was destroyed after 30 days, per office policy, because Mr. Cooper did not request a copy of the videotape. In his brief to this Court, Mr. Cooper argues that the hearing examiner erred by not inferring that the contents of the videotape were adverse to the DMV's case.

We find no error inasmuch as Mr. Cooper was dilatory in requesting a copy of the videotape. Further, we note that Mr. Cooper did not assign the unavailability of the videotape as error in his petition for appeal from the Commissioner's order to the circuit court. As a general rule, this Court will not address nonjurisdictional issues that were not first addressed below. *See* Sylla-

**748**

months and thereafter until all obligations for reinstatement are fulfilled is reinstated.[3]

Reversed.

Justice STARCHER dissents and files a dissenting opinion.

STARCHER, J., dissenting:

(Filed July 14, 2005)

I dissent for the reasons set forth in my dissent in *State ex rel. F. Douglas Stump, West Virginia Division of Motor Vehicles v. Honorable Gary L. Johnson, Judge of the Circuit Court of Nicholas County, and Basil H. Bishop,* 217 W.Va. 733, 619 S.E.2d 246 (No. 32651, July 7, 2005).

I am further authorized to state that Chief Justice ALBRIGHT joins in this separate opinion.

bus Point 2, *Trent v. Cook,* 198 W.Va. 601, 482 S.E.2d 218 (1996).

3. The Commissioner's order also stated that in the Commissioner's discretion, Mr. Cooper's driving privilege may be reinstated after 90 days.